**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DAVID C. ANDREWS, | : | CIV. NO. 19-18204 (RMB-AMD) |
|  | : |  |
| Plaintiff | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| WARDEN DAVID ORTIZ, | : |  |
|  | : |  |
| Defendant | : |  |

**BUMB**, DISTRICT JUDGE

Plaintiff David C. Andrews ("Plaintiff"), incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a civil rights complaint on September 23, 2019. (Compl., ECF No. 1.)[1] The Court administratively terminated the action because Plaintiff submitted a deficient application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff has now submitted a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915 (IFP App., ECF No. 4) that establishes his financial ability to proceed without prepayment of

---

[1] The Court takes judicial notice that Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's refusal to waive his Sex Offender Public Safety Factor, the same subject matter of the present complaint. See Andrews v. Ortiz, 19cv9136(RMB), (D.N.J. July 10, 2019) (Opinion, ECF No. 3; Order, ECF No. 4.)

the filing fee. The Court will reopen this matter and grant Petitioner's IFP application.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the amended complaint without prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the

2

U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the

3

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

Plaintiff asserts jurisdiction under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1979). (Compl., ECF No. 1 at 2, ¶1.) The sole defendant named in the complaint is David Ortiz, Warden of FCI Fort Dix. (Id., ECF No. 1 at 1, ¶2.) Plaintiff alleges the following facts, accepted as truly solely for purposes of this screening Opinion.

Bureau of Prisons' ("BOP") policy permits a Public Safety Factor waiver to be reviewed and approved by the Designation and Sentencing Computation Center, and requests are to be made by institution staff on Form 409. (Compl., Appendix D, ECF No. 1-4 at 2, ¶7.) On November 13, 2017, Plaintiff petitioned a prison employee, Mr. Olson, to file a Form 409 with the BOP Designation and Sentencing Computation Center to apply for a waiver of his Sex Offender Public Safety Factor ("SOPSF"). (Compl., Appendix D, ECF No. 1-4 at 1, ¶1.) The request was denied because Plaintiff was a sex offender. (Id.) No other reason was given. (Id.) Plaintiff made the same request to Warden Ortiz, who also denied the request because Plaintiff was a sex offender. (Id., ¶2.)

On January 31, 2018, Plaintiff made repeated his request to M.D. Caravajal, Regional Director, who denied the request but told Plaintiff it could be granted if FCI Fort Dix staff felt Plaintiff no longer warranted low security supervision. (Compl., Appendix D, ECF No. 1-4 at 1, ¶3.) On May 3, 2018, Plaintiff asked Mr. Olson and Warden Ortiz if he warranted the security level he was assigned. (Id., ¶4.) They told Plaintiff they had already addressed that issue. (Id.)

On June 4, 2018, Plaintiff forwarded his request for staff to file a waiver of his SOPSF to the BOP Central Office, and the Central Office concurred with Warden Ortiz and denied the request. (Id., ¶5.) Plaintiff asked Associate Warden Charles Smith about the denial of his request, and Smith told Plaintiff that he was not viewed as a candidate for camp placement. (Id., ¶6.)

Plaintiff asserts the following causes of action, verbatim:

> I) R.S. § 1979 Civil Action for Deprivation of Rights[2]
>
> The bias[ed] and d[i]scriminatory nature practiced by the staff at Federal Correctional Institution Fort Dix in refusing to consider processing the internal forms to consider Public Safety Factor waiver due to inmates charges['], has led to the disenfranchisement of services toward all inmates of similar charges.

---

[2] 42 U.S.C. § 1983 is based on the Revised Statutes § 1979. See Adickes v. S.J. Kress & Co., 398 U.S. 144, 146 n. 1 (1970).

II) § 10.2 Right to Rehabilitation Programs[3]

The court has held that the goal of the statutory scheme for sex offenders is rehabilitation. Consequently, sex offenders have a right to individual treatment. Such treatment is also required by due process. Vocational Technical Programming may be viewed as a Rehabilitation Program that assists in reducing recidivism. Inmate was denied that opportunity.

III) § 10.6 Civil Disabilities

A prisoner is "civilly dead" or suffers a loss of his/her civil rights upon conviction of a felony that reaches the courts. Historically, convicted felons were held to have forfeited all their civil rights. This extreme view has been modified in recent years. Inmate has suffered a loss of his Civil Rights to be treated equally under the color of law, due to discriminatory and biased practices exercised by the staff of Federal Correctional Institution Fort Dix.

(Compl., Appendix D, ECF No. 1-3 at 1.)

B. Bivens Claims

Plaintiff alleges causes of action under 42 U.S.C. § 1983, although he asserts jurisdiction under Bivens, 403 U.S. 388 (1979). Plaintiff complains of violations of his civil rights by a federal actor, Warden David Ortiz of FCI Fort, Dix.

---

[3] It is not clear what Plaintiff is referring to by "§ 10.2 Right to Rehabilitation Programs" or by "§ 10.6 Civil Disabilities."

Section 1983 is applicable when one's constitutional rights were violated by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "[A] Bivens action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. 1983." Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). Generally, to establish a claim for relief under Bivens, a plaintiff must demonstrate: (1) that the conduct was committed by a federal actor, and (2) that defendant's conduct deprived Plaintiff of a right secured by the Constitution or federal laws. See Brown v. Philip Morris, 250 F.3d 789, 800 (3d Cir. 2001) (finding a Bivens action will lie "where the defendant has violated the plaintiff's rights under color of federal law.")

In 2017, the Supreme Court held that if a Bivens claim arises in a new context, a district court must first employ a special factors analysis before allowing a damages suit to proceed. Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). A Bivens claim arises in a new context if the context is different from the three cases where the Supreme Court approved of an implied damages remedy under the U.S. Constitution. Id. at 1855.[4] The Court reserves the special factors

---

[4] Those three cases are Bivens, 403 U.S. 388 (recognizing an implied damages remedy to compensate those injured by federal officers who violated the Fourth Amendment's proscription of unreasonable search and seizure; Davis v. Passman, 442 U.S. 228 (1979)

7

analysis under Abbasi, and for purposes of this screening only, assumes there is an implied Bivens remedy for Plaintiff's claims.

1. Substantive Due Process Claim

A prisoner does not have a liberty interest under the Due Process Clause "in a particular housing location or custody level while under the jurisdiction of correctional authorities." Green v. Williamson, 241 F. App'x 820, 822 (3d Cir. 2007) (per curiam) (citations omitted); Ford v. Bureau of Prisons, 570 F. App'x 246, 251 (3d Cir. 2014) (per curiam) (same). Additionally, prisoners do not have a constitutional right to particular rehabilitation programs. See Becerra v. Miner, 248 F. App'x 368, 370 (3d Cir. 2007) (assignment of a Public Safety Factor that disqualifies prisoner from certain programs "is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'" (quoting Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted)).

---

(recognizing an implied damages remedy to compensate an administrative assistant who sued a Congressman under the Fifth Amendment Due Process Clause for firing her because she was a woman); and Carlson v. Green, 446 U.S. 14 (1980) (recognizing an implied damages remedy to compensate a prisoner's estate for violation of the prisoner's Eighth Amendment right to be free of cruel and unusual punishment by failing to treat his asthma).

2. Equal Protection Claim

To proceed on an Equal Protection claim based on the BOP's assignment of a Sex Offender Public Safety Factor ("SOPSF"), a prisoner must allege that "the BOP treated him differently from any person similarly situated when it assigned him a SOPSF." Day v. Nash, 191 F. App'x 137, 139 (3d Cir. 2006). Plaintiff has not alleged that a similarly situated prisoner who was assigned a SOPSF was treated differently than him. In other words, that another sex offender under similar circumstances was denied an opportunity to seek a waiver of the SOPSF from the Designation and Sentencing Computation Center. The Court will dismiss Plaintiff's Equal Protection Claim without prejudice. Plaintiff may submit an amended complaint if he can allege additional facts supporting his Equal Protection Claim.

III. CONCLUSION

The Court will dismiss the complaint without prejudice for failure to state a claim.

An appropriate order follows.

**DATE: November 6, 2019**              s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**